## PARKER *v.* HENDRIE.

To justify the granting of a new trial, on the ground that the verdict is against the weight of evidence, such want of evidence must relate to a material issue, legitimately made by the pleadings.

It is the issue of fact *made by the pleadings*, which the jury are to determine, and not other or different ones.

Where in an action to recover damages for an alleged breach of warranty in the sale of a thrashing machine, the defendant answered, admitting the contract of sale, but denying that the machine was defective in the particulars alleged, and averring that it was broken by the negligence of the plaintiff; to which there was a replication in denial; and where the bill of exceptions

stated that the defendant introduced no evidence to prove that the machine was broken by the negligence of the plaintiff, but it appeared from the record, that some testimony was introduced to show, that at the time the machine was repaired, the defendant notified the plaintiff, that if it did not work well, it must be returned immediately; that it did fail to work well; and that after keeping the machine some four weeks, the plaintiff returned it in a broken condition to defendant, who refused to receive it; and where the defendant obtained certain instructions, as to the duty of the plaintiff to return the machine, under the contract which he claimed was made at the time of repairing it; and where the jury returned a verdict for the plaintiff, and thereupon the defendant moved for a new trial, on the ground that the verdict was against the law and evidence, which motion was overruled; *Held*, That the testimony as to the agreement to return the machine, and the instructions based thereon, related to an issue not made, or attempted to be made, in the pleadings; and the evidence was, therefore, immaterial.

## *Appeal from the Des Moines District Court.*

THE plaintiff seeks to recover damages for an alleged breach of warranty, in the sale of a threshing machine. Defendant answers, admitting the contract of sale, but denies, however, that the machine was defective, in the particulars alleged in the petition; and avers that it was broken by plaintiff's own negligence; that defendant at one time repaired it, and plaintiff again broke it, by like negligence, and improper usage. To this, there was a replication in denial. The bill of exceptions states, that defendant introduced no evidence to prove that the machine was broken by reason of plaintiff's negligence. It does appear, however, that some testimony was introduced to show, that at the time the machine was repaired, defendant notified plaintiff, that if it did not work well, it must be returned immediately; that it did fail to work well; and that after keeping the machine some four weeks, plaintiff returned it in a broken condition to defendant, who refused to receive it. Defendant then asked several instructions, as to the duty of the plaintiff to return the machine, under the contract which he claimed was made at the time of repairing it. These instructions were given as asked, and the jury returned a verdict for plaintiff. The defendant then moved for a new trial, on the ground that the verdict was against the law and evidence, which motion

was overruled.  Defendant appeals, and assigns for error, the decision of the court in overruling the motion for a new trial.

*Starr & Phelps*, for the appellant.

*Browning & Tracy*, for the appellee.

WRIGHT, C. J.—Appellant insists, that this verdict was so clearly against the weight of evidence, that it should have been set aside, and a new trial ordered.  The issue made in the case, to state it briefly, was, whether the machine failed to work well, because of plaintiff's negligence.  Upon this subject, the bill of exceptions informs us, that the defendant failed to introduce any proof.  As the burthen of proof in this respect was upon him, there is no ground for claiming that the verdict was against evidence.  The testimony as to the agreement to return the machine, and the instructions based thereon, relate to an issue not made, or attempted to be made, by the pleadings.  The testimony was, therefore, immaterial.  To justify the granting of a new trial, on the ground that the verdict is against the weight of evidence, such want of evidence must relate to a material issue, legitimately made by the pleadings.  It is the issue of fact *made by the pleadings*, which the jury are to determine, and not others or different ones.

Judgment affirmed.