## NOBLE v. THE STEAMBOAT NORTHERN ILLINOIS.

1. Principal and Agent: FRAUD OF AGENT: EFFECT OF RECEIPT. Where an agent paid an employee of his principal a part of the wages due him, and obtained from him, by fraud, a receipt *in full* for his services, it was *held*, that the employee was entitled to recover from the principal the balance of the wages due, although the principal had allowed the agent, in a settlement with him, for the payment of the *full* amount of the employee's wages, as stated in the receipt.

2. Pleading and Practice: FRAUD: REPLICATION. It is not necessary for a plaintiff, in order to avoid, on the ground of fraud, a defense to which no replication is allowed by our practice, to amend his petition and set up the fraud.

Noble v. The Steamboat Northern Illinois.

*Appeal from Dubuque District Court.*

WEDNESDAY, JULY 31.

PLAINTIFF sues for a balance due him for his services as pilot, from September 25, to the 10th of November, 1865. The answer claims, that the boat belonged to the "Northern Illinois Railroad company," and, that said company had fully paid plaintiff's claim. Upon the issue thus joined, there was a trial to a jury, verdict for plaintiff, judgment thereon, defendant excepted and appeals.

*Bissell, Shiras & Ballou* for the appellant.

*De Witt C. Cram* for the appellee.

WRIGHT, J.—That plaintiff rendered the services as claimed; 'that by his contract he was entitled to $290, and that he never was in fact paid but $120, are matters about which there is no dispute.

1. PRINCIPAL AND AGENT: fraud of agent: effect of receipt.

The substance of the defense is, that the captain of the boat settled with him on the 10th of November, 1865; took from him a receipt, showing that he had been paid in full; that upon the strength of this receipt, and relying upon it, the company settled with the captain, allowed him the full amount, $290, and that plaintiff, the defendants having acted in good faith, must look to the captain for any balance. The evidence in brief was, that the captain was the agent of the company; that as such he settled with the pilot, paid him $110; had before paid him $10; stated that he then had no more money of the company; that he would go to the office of the railroad com-

pany that day, get the balance and forward it to plaintiff or to any one he might name, that night or the next morning; that plaintiff, unable to read or write, and without it being read to him, signed, by making his mark, a receipt that the captain had paid him "in full for his services as pilot on said boat one hundred and ten dollars." The money was never sent, but the captain settled with the company, and he was allowed for the full amount of plaintiff's wages, or $290. There was also testimony tending to show that the captain intended to practice a fraud at the time he took the receipt.

Appellant's objection, that plaintiff could not rely upon such fraud without setting it up, is not tenable. The 2. PLEADING AND PRACTICE: answer set up payment. No replication was fraud: replica- necessary. Rev. 2895. Nor was it necestion. sary to amend the petition to justify such proof. The doctrine that, because a replication is prohibited by our practice, save in exceptional cases, a plaintiff must amend his petition, before he can avoid defendant's defense, by proving fraud or the like, finds no support in the law. Plaintiff then had a right to rely upon the fraud. And, if the captain, in his capacity as agent, acted fraudulently, or obtained this receipt by fraud, then, though the principal was ever so innocent, the subsequent settlement with him, and allowance of the whole claim by the company, would not prevent a recovery by plaintiff. If plaintiff settled with the captain, received so much, and agreed to look to him individually for the balance, and not to· the company, then he could not recover. But, if he made no such agreement, the settlement of the company with its agent, based upon a receipt obtained by fraud, would not estop plaintiff from asserting his claim. And this, in substance, was the law as given to the jury by the court: Whether, in the absence of fraud, in view of the language of the receipt and all the circumstances, plaintiff would

be concluded, we do not stop to inquire, as no such question is really made in the case.

Affirmed.