## BARGER v. FARRIS & WILMER.

1. Pleading: REPLICATION. Where an answer pleads new affirmative matter as a defense, but does not set up any counter-claim, set-off or cross-demand, no replication is necessary, under our system of pleading. An issue is formed on the averments of the answer by

operation of law, and the plaintiff may meet it by any evidence, either negative or affirmative, or both, that will defeat its effect.

2. —— Nor is it necessary under this rule for the plaintiff to amend his petition so as to set up fraud as a defense to the matters contained in the answer.

*Appeal from Buchanan Circuit Court.*

MONDAY, JUNE 10.

ACTION to recover for the wrongful conversion of certain wheat alleged to have been stored with defendants. Verdict and judgment for defendants. Plaintiff appeals.

The further facts are stated in the opinion of the court.

*Boies, Allen & Couch* for the appellant.

*Jamison & Mills* for the appellees.

MILLER, J. — The plaintiff claims as the assignee of James Farris, upon certain receipts, given by the defendants for wheat stored in their elevator. James Farris was a member of the firm of Farris & Wilmer, the defendants, Wilmer alone makes defense. In his answer it is alleged, in substance, that before the assignment of the receipts he had sold his interest in the elevator where the wheat was stored, to his partner James Farris, the then holder of the receipts, and that in such sale said Farris undertook and agreed to pay the entire debts and liabilities of the firm, one of which existed upon the said wheat receipts.

On the trial the defendants gave evidence tending to show that on the 23d day of February, 1869, the partnership theretofore existing between Farris & Wilmer, was dissolved by a sale (by oral agreement) from Wilmer to Farris, of all the partnership property, and that Farris was, by such agreement, to pay the debts of the firm; that a few days thereafter, Wilmer offered to convey his

interest in the partnership property, as agreed, to Farris, but the latter refused to accept the same and refused entirely to carry out the alleged agreement; that Wilmer left the elevator at the time of the agreement, and thereafter Farris remained in exclusive possession.

On rebutting, plaintiff offered to prove that at the time of the sale by Wilmer to Farris, the indebtedness of the firm was, in fact, about $8,000, of which fact Wilmer had full knowledge; that Farris had no knowledge of an indebtedness exceeding $2,500, which he believed to be the extent of the firm indebtedness; that the books of the firm did not show the amount of the debts of the firm; that Wilmer, knowing of a large amount of indebtedness, not known to Farris, fraudulently concealed the same from Farris, knowing that he was ignorant thereof. This and other evidence of like character offered by plaintiff was objected to by defendant and excluded by the court, and this ruling is assigned as error.

The only ground upon which the counsel for appellee contends in his argument that this evidence was inadmissible is, that the plaintiff had not pleaded the facts which this evidence tended to prove.

The rejection of the proposed evidence was clearly erroneous. The answer of the defendant contained matters of defense only. No set-off, counter-claim, cross-demand or cross-petition was interposed, and hence a reply on the part of plaintiff was neither necessary nor proper. Rev., § 2895.

Under our system of pleading, when an answer contains new affirmative matter as a defense, an issue is formed thereon by operation of law, and the plaintiff may meet it by any evidence that will defeat its effect, either negative or affirmative, or both. For example, if the defendant pleads a release as a defense to the action, the plaintiff may prove either that no release was ever given, or that it

was executed under duress, or obtained by fraud, or any other facts to defeat its effect. Rev., §§ 2917, 2994; *Davenport S. F. Association* v. *The N. A. Fire Ins. Co.*, 16 Iowa, 74; *Adams* v. *Peck*, 14 id. 508; *Smith* v. *Milburn*, 17 id. 30; *Savery* v. *Browning*, 18 id. 246; *Clark* v. *Cress*, 20 id. 50; *Finley* v. *Brown et al.*, 22 id. 538; *Carleton* v. *Byington*, 24 id. 172.

Neither was it necessary for the plaintiff to amend his petition so as to set up fraud as a defense to the answer of the defendant. *Noble* v. *The Steamboat Northern Illinois*, 23 Iowa, 109.

The law supplies the appropriate pleading for the admission of any competent evidence, either negative or affirmative, tending to defeat the effect of new matter pleaded in the answer as a defense.

The judgment of the circuit court is

Reversed.