HERVEY v. SAVERY ET AL.

1. **Equitable Jurisdiction:** MISTAKE. Equity will not interfere to correct the terms of an instrument in writing on the ground of mistake, unless the fact of the mistake be established beyond a reasonable doubt.

2. **Mortgage:** RELEASE. The release by the mortgagee of his interest acquired by foreclosure and sale, after a junior mortgagee has set up his right to redeem, will not have the effect to defeat such right.

3. ———: PARTY. One to whom the senior mortgagee may have conveyed his interest, acquired by the foreclosure and sale, is not a necessary party to the proceeding to enforce the right of redemption, provided such conveyance be made pending the proceeding.

4. **Pleading:** ANSWER: WAIVER OF. The failure to answer a cross-petition cannot be taken advantage of on appeal, when the party filing it, instead of asking for a default, proceeds with the trial as though in fact the pleading had been answered.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 19.

THIS was an action to foreclose a mortgage. A decree was rendered for plaintiff, under which the lands were sold upon execution to plaintiff. The Charter Oak Life Insurance Company was a defendant, and a decree by default was rendered against it; subsequently, upon its petition, the decree as to it was set aside, and a hearing awarded, whereupon the court held, and so decreed, that it had the right, as a junior mortgagee, to redeem the lands sold within a time prescribed. Before the expiration of the time for redemption, as fixed by the decree, the insurance company filed its petition for a modification of the decree allowing it to redeem, by correcting an alleged mistake therein, whereby part of the land was omitted, which it has the right to redeem: but the right, on account of the mistake, is not secured by the decree. Upon the final

hearing of the case made by this petition, the relief therein prayed for was granted, and the correction of the former decree was made. The plaintiff, F. G. Hervey, and defendant J. C. Savery, appeal. The facts of the case fully appear in the opinion.

*Hubbard, Clark & Deacon*, for appellants.

*Nourse, Kauffman & Co.*, for appellee.

BECK, J.—I.   The facts necessary to a clear understanding of this case are as follows:   In 1861, Safford Savery executed to Madison Young a mortgage upon two adjacent tracts of land, one of twenty acres, the other of thirteen and one-quarter acres, securing purchase money of the property to become due in seven years.   By a stipulation in the mortgage, Savery was not to be personally liable for the debt, the creditor. remedy being limited to foreclosure and sale of the land. In 1864, Safford Savery conveyed the land to James C. Savery.   In consideration of an extension of time granted by Young, James C. Savery guaranteed the payment of the debt, and executed another mortgage upon the same property described in the first mortgage executed by Safford Savery, with a covenant binding the mortgagor not to set up, in defense of a foreclosure suit, any conveyance made to him by any other person for any part of said land.

P. M. Casady, administrator of the estate of Madison Young, instituted proceedings to foreclose this mortgage December 24, 1874.   Savery and wife and others, who need not be named here, were made defendants.   This is the action in which the controversy arises which is before us for determination.   By an amendment of the petition, it is shown that plaintiff did not seek a foreclosure as to "the north half of lot seven of the Pursley estate, it being the tract of land now known as J. C. Savery's addition to the city of Des Moines, and being the same tract which Madison Young

released from the mortgage set forth in the petition of plaintiff." No foreclosure and sale were sought against this land.

Casady, as administrator of the estate of Young, assigned the note and mortgage to plaintiff, F. G. Hervey, who was substituted as plaintiff in the place of Casady. After this substitution a supplemental petition was filed, making the Charter Oak Life Insurance Company a defendant and alleging that it held some lien or claim, which, however, was inferior to plaintiff's mortgage. Service by publication was had upon the insurance company, the notice alleging that foreclosure was asked upon the twenty-acre tract of land.

In due time a decree was rendered, foreclosing plaintiff's mortgage upon both tracts of land, without excepting therefrom any part of either. Upon this decree the lands were sold, *en masse*, under appraisement, for five thousand nine hundred and sixty dollars and thirty cents, to the plaintiff, F. G. Hervey.

Within the time allowed by law, the Charter Oak Life Insurance Company moved to set aside the decree on the ground that notice was served by publication only, and asked to be permitted to appear and defend in the action. The motion was sustained, and thereupon the insurance company filed its answer setting up that it was the holder of a mortgage executed by James C. Savery, after the execution of plaintiff's mortgage upon the twenty-acre tract of land covered by plaintiff's mortgage, as well as upon other real estate, to secure the payment of fifty-seven thousand four hundred and thirty dollars. The answer alleges that the assignment of the mortgage by Casady to Hervey was colorable only, being for Savery's benefit. Upon a trial of the issue presented in this answer the court found, and so decreed, that the insurance company had the right to redeem the twenty acre tract from plaintiff as held by him under his purchase at the sheriff's sale. A time was fixed by the decree within which the redemption should be made. Before the expiration

of this time the insurance company filed a petition asking for a modification of the decree, so as to extend its right of redemption to the other tract of land covered by plaintiff's mortgage, and included in the decree and sale to him.

Hervey answered this petition, alleging that the thirteen-acre tract had been wholly released by Madison Young, in his life-time, from the lien of his mortgage, and that it was included in the decree through mistake, and through a like mistake sold upon the execution; that the provision of the decree allowing the insurance company to redeem, which limits that right to the twenty-acre tract, was not made through mistake, but was entered with the knowledge and consent of the company's attorneys. He shows that after the decree allowing the insurance company to redeem, and before its petition asking a modification thereof was filed, he had sold and conveyed the twenty-acre tract, and, subsequently to the filing of the last-named petition, he had released to J. C. Savery all his interest in the thirteen-acre tract.

Savery filed an answer and cross-bill, in which he alleges that he paid to Young, in his life-time, a part of the debt secured by plaintiff's mortgage, and Young then agreed to release from the lien all of the thirteen-acre tract; that the release executed by Young, through mistake, discharges the north half, and no more; that Hervey had notice of the true intention of the parties to the release, and the insurance company had knowledge of the fact when the decree in its favor was rendered. He prays that the release may be corrected so as to conform to the facts and intention of the parties. By an amended petition he shows that, prior to the rendition of the decree in favor of Hervey, he had sold and conveyed all of the thirteen-acre tract to divers persons, but does not name them.

. The cause was submitted to the court below upon written testimony. It is triable here *de novo*.

The Circuit Court found that the release executed by Young

Hervey v. Savery.

covered but a part of the thirteen-acre tract, and that the insurance company was authorized to redeem the other part, and so decreed. Other provisions of the decree will be hereafter stated.

II. In our opinion, the insurance company is entitled to have the correction of the decree as sought by it, unless it be found that the land in question was intended to be released by Young, and the release did not so provide through mistake.

Hervey had a mortgage upon two tracts of land, one of which was covered by the mortgage of the insurance company. He subjected both tracts to his lien, and purchased upon the foreclosure decree and execution. The insurance company may be substituted to the rights of Hervey, and take his place. See 1 Story Equity Jurisprudence, § 633, and notes. This rule of equity is admitted by counsel for appellants. Applying this doctrine to the case before us, we must hold that, in equity, the insurance company is entitled to take the place of Hervey, as to the thirteen-acre tract as well as to the other, unless Hervey's rights thereto were cut off by the release pleaded, or in some other way.

We must first here give further attention to the facts which are specially involved in the question of mistake in the release.

The thirteen-acre tract of land is designated in the testimony as lot 7 of the Pursley estate, and was made by Savery 1. EQUITABLE an addition to the city of Des Moines, being sub-jurisdiction: mistake. divided into lots. A street was laid off nearly through the middle of it, running east and west. The tract north of this street is marked "A," (block "A,") and is subdivided into twenty lots. An alley runs through the center, parallel with the street. Along the street on the south another block is laid off into ten lots, and is marked "B." The south part of the tract is not subdivided into lots; it is somewhat less than half of the whole tract, and is designated as "lot C" upon the plat. Two creeks, brooks, or streams are traced upon the map as running through it, and uniting near its south line.

The release executed by Young is as follows: "I hereby release, for a valuable consideration, the north half of lot No. 7 of the Pursley estate from a certain mortgage, executed on the 2d day of March, 1861, to me, for five thousand dollars, by Safford Savery, and also from a mortgage executed the 5th of March, A. D. 1868, by James C. Savery, to me, to secure the payment of the above five thousand dollars. The whole of said lot No. 7 contains thirteen acres and eight-one-hundredths of an acre; it being in the south-east quarter of section 5, in township No. 78 north, of range 24 west; said north part of lot 7 being the same that James C. Savery has laid out into city lots.

"*April 4, 1872.*                    MADISON YOUNG."

Appellants claim that the release, so far as it is limited to a part of the tract, is the result of a mistake on the part of Young, who wrote it. The testimony in support of this position is meager and indefinite. One witness testifies that he was present when Savery informed Young that he "had platted and laid off" the tract, and was anxious to dispose of the lots, and the mortgage was an obstacle to the sale; he therefore wished to pay it off. Young did not want all of the money, but proposed that he would accept a part, and would release the tract from the lien of the mortgage. This was finally agreed upon, and Savery paid one thousand dollars. The release was afterward brought to the witness, who, acting for Savery, caused it to be filed for record without reading it. The testimony of another witness is to the effect that he had an impression, gathered from conversations with Young, that the mortgage was a lien upon the twenty-acre tract and no more.

There is no testimony to authorize the conclusion that Young did not express his exact intention in the release, or that he made any mistake at all, and we cannot conclude that such intention was not in harmony with the final agreement

between him and Savery. We must presume it was, and the contrary must be shown in order to authorize us to conclude he made a mistake in preparing the instrument. Savery and he may have modified the agreement testified to by the witness in a subsequent arrangement. This we would presume, rather than adopt the conclusion that this was a mistake. But it by no means appears that the release does not express the understanding that Young had of the agreement testified to by the witness. Savery desired to sell the lots which he had laid off. The south part of the tract, marked "C," contains several acres; the other part is divided into lots suitable for dwellings. It is highly probable that Young and Savery both understood the agreement to contemplate the release of these lots, and not the land "C," not laid off into lots. There are other reasons which we could mention warranting the conclusion that there was, in fact, no mistake in the release. But we are not required to find that there was no mistake, in order to uphold the release. Unless a mistake is shown by sufficient proof, the instrument will be regarded as valid in its present form. In our opinion the testimony is not sufficiently clear and satisfactory to authorize us to reform the instrument on the ground of mistake. The proof should clearly make out the mistake, and should "strike all minds as being unquestionable and free from reasonable doubt." 1 Story's Eq. Jurisp., § 157; *Gelpcke, Winslow & Co. v. Blake*, 15 Iowa, 387. In our opinion it is far short of these requirements.

III. The testimony, it is claimed by appellants, shows that Hervey acquired the mortgage with the knowledge that the

2. MORTGAGE: release.  release covered the whole thirteen-acre tract. The evidence, it may be admitted, is to the effect that Savery so informed Hervey, or his agent, when the mortgage was assigned to him. Hervey unites with Savery in claiming that all the tract was released. But this claim, singularly enough, is only made after the insurance company

comes in to redeem. The decree covered the whole tract. The whole tract was sold on the execution, was purchased by Hervey, and, a year having nearly expired, the insurance company appeared in the case and was in due time, by decree of the court, permitted to redeem the twenty-acre tract. But the insurance company discovered that it had the right to redeem the thirteen-acre tract also, and again appears in court and asks that such right be enforced. Then the plaintiff and defendants in the case discover that plaintiff had no right whatever to a lien on any part of the thirteen-acre tract, and that the mortgage was acquired by him with full notice thereof. He thereupon releases his rights acquired by the foreclosure and sale by quitclaim deeds to Savery and his grantees. These deeds, it must be observed, were executed nearly two years after the decree and foreclosure, and plaintiff's purchase upon execution, and not until after the insurance company had set up their right to redeem. It must be remarked, too, that this was all done after Hervey had become fully secured in the recovery of his debt by the purchase of the land, which he could hold until redemption was made by the payment of the full amount of his claim. Under all these circumstances, a court of equity will not, upon testimony showing this agreement of these parties, defeat the right of another based upon the record made by the parties themselves, which is inconsistent with the harmony now prevailing between them.

But if Savery did give notice to Hervey that the release covered the whole tract, it was not in accord with the fact, for, as we have seen, it related to a part only, and there is no ground upon which it can be reformed or changed.

We conclude, therefore, that Hervey did have a right to enforce his lien upon the thirteen-acre tract; having done so, the insurance company may take his place.

The decree of the court below finds that lot "C" of the tract in question, as above explained, is not covered by the

release. We think the conclusion correct. It is quite clear that the release does not cover that lot; it is not necessary to inquire whether other lots are not covered by it, as the insurance company does not insist that any other part than lot "C" is outside of the release.

IV. It is insisted that the insurance company is not entitled to the relief asked for in its petition last filed, because there was no mistake in the decree first rendered in its favor. The truth is, the decree granted it all the relief prayed for in its petition. But all the relief to which it was entitled was not prayed for, through a mistake. The last petition is in the nature of a supplemental petition, asking full relief on the ground that it was not sought in the first through oversight. We think the testimony shows that there was no negligence, or any act, on the part of the insurance company, which would deprive them of the right to seek relief in the supplemental petition. We shall hereafter see that no right had accrued which would have that effect.

V. The testimony shows that, after the last petition of the insurance company was filed, plaintiff, F. G. Hervey, conveyed the twenty-acre tract to James F. Hervey. It is claimed that he is a necessary party, and the insurance company can have no relief until he be brought in. He acquired his interest, if he have any, after this proceeding was instituted, and will be bound by the proceeding against his grantors as though he was himself a party.

3. ——: party.

VI. After the foreclosure proceedings were commenced, Savery conveyed lot "C" to Bangs, who, after the first decree was rendered, conveyed to Helen E. Benedict the same property. Subsequently to the filing of the insurance company's last petition, Hervey released to her this lot by quitclaim deed.

It is insisted that Benedict is a necessary party. She is in the like condition of James F. Hervey, having acquired her interest from one who took it from Savery, after the suit was

brought. When she acquired her interest, the decree stood against the land, and it is not claimed that she acquired the property supposing it had been released. She had notice by the record of the suit and of the mortgage held by the insurance company, and she was bound to take notice of all rights held under that mortgage. The subsequent proceedings, which are the subjects considered in this appeal, are incidents growing out of the foreclosure, which she is presumed to have contemplated when she accepted the deed to herself.

VII. The decree of the court below contains a provision intended to protect the rights of James F. Hervey and Mrs. Benedict, by requiring them to be notified to appear and show cause why the money paid to redeem the land by the insurance company should not be paid to F. G. Hervey, and the money to be retained for further order of the court, unless James F. Hervey and Mrs. Benedict release all interest they have in the land. This provision is made the ground of objections. We will not inquire whether it ought to have been made. F. G. Hervey cannot object, for he has transferred his interest in the lands, as is established by the testimony. Mrs. Benedict and J. F. Hervey cannot complain, for it is intended to protect them; the insurance company does not object, and Savery cannot, for it is a matter in which he has no interest. The rights of parties interested in the subject-matter of the action may be protected by the provision. We will, therefore, let it stand.

VIII. The appellants insist that the relief prayed for by Savery in his cross-petition, namely, the reformation of the release executed by Young, must be allowed, because the insurance company did not reply to the cross-petition, the allegations of which must be, therefore, admitted. Counsel for the insurance company insist that the pleading of Savery cannot be regarded as a cross-petition for several reasons, which need not be here stated. We do not concur with them. We think, however, that we must presume

4. PLEADING: answer: waiver of.

Hervey v. Savery.

an answer to the cross-petition was filed by the insurance company. The appellants in the court below did not claim that the pleading had not been answered. They introduced testimony to support the pleading in question, just as though it had been denied, and conducted the case there and here in precisely the same manner they would have proceeded had an issue been taken upon the cross-petition. Good practice demanded that they should have taken a default upon the cross-petition, if it had not been answered, thus relieving the court below and this court of the labor of examining testimony which, under the law, was not needed, if there had been no reply, to support the right to the relief claimed by the pleadings. They have acted in the management of the case as though an answer had been filed to the cross-petition; the other parties and the court have met them with like action. Good conscience and fair practice demand that they shall not now be heard to urge as an objection the want of a pleading which, by their acts, they have all through the progress of the case admitted was on file. We must presume that there was filed at the proper time a reply to the cross-petition. Any other conclusion would lead to the grossest injustice.

No other questions demand attention. The decree of the Circuit Court is

                                          AFFIRMED.