## STANTON v. CLINTON, HART & BREWER.

1. **Services:** LIEN OF ATTORNEY: BURDEN OF PROOF. In an action to recover the balance of a sum of money collected by defendants for plaintiff, which was retained by defendants upon a claim for services rendered as attorneys, *held*, that the burden was upon them to prove the services rendered and their value.

*Appeal from Pottawattamie District Court.*

WEDNESDAY, OCTOBER 22.

ACTION to recover of defendants $548.10. The petition alleges that the defendants received for plaintiff the sum of

$5,365, and paid over to him only $4,816.90, and refuse to pay the balance. The defendants do not deny the receipt of the money as alleged, but aver that they have fully paid over and accounted for the same. There was a trial by jury, and verdict and judgment were rendered for the plaintiff for $264.87. The defendants appeal.

*B. F. Montgomery*, for appellants.

*Sapp, Lyman & Ament*, for appellee.

ADAMS, J.—We infer that the defendants were allowed to introduce evidence to the effect that they performed services and incurred expenses in collecting the money received by them for plaintiff. No issue of that kind was tendered, and no evidence of any kind is set out in the abstract. But the court gave an instruction in these words: "The burthen is on the defendants to establish by a fair preponderance of the evidence that the services rendered by them and expenses incurred by them in the transaction of the business were reasonably worth the amount of money retained by them. If you find that their services and expenses were reasonably worth the amount retained by them, your verdict should be for the defendants." The defendants claim that the court erred in charging the jury as to the burden of proof.

*1. SERVICES: lien of attorneys: burden of proof.*

It is conceded by the appellants that the case was tried upon an issue not made in the pleadings, but they insist that they were entitled to a correct instruction upon the issue upon which the case was tried, and that the instruction is incorrect, because the defendants had a lien for their fees, and were entitled to retain the money until the lien was discharged.

It appears to us, however, that they had no lien unless they are attorneys, and if they are that they are entitled to retain only enough to pay them what their services were worth. If the defendants seek to hold the balance in their hands as compensation for legal services, we think it was for them to aver and prove the services and their value.

AFFIRMED.