SCOTT v. MORSE ET AL.

1. **Practice:** PLEADING: VERDICT AGAINST IRRELEVANT EVIDENCE. The action of the trial court in overruling a motion for a new trial, made on the ground that the verdict is against the evidence and instructions, will not be reversed when such evidence and instructions were not pertinent to the issues presented by the pleadings.

2. **Pleading:** GENERAL DENIAL. Under our practice there is nothing which corresponds to the general issue at common law. Under a general denial no evidence is admissible, which does not tend to negative some fact essential to be proved under the pleading denied.

*Appeal from Pottawattamie District Court.*

SATURDAY, OCTOBER 23.

THE petition of plaintiff alleges in substance that in the forepart of the year 1878, as a member of the firm of Montgomery & Scott, attorneys at law, the plaintiff, at the request of defendants, rendered professional services to them about the preparation of a petition for rehearing, in a case entitled *Crouse v. Morse*, pending in the Supreme Court, which services were worth $300. That afterwards, on the 14th day of April, 1878, the firm of Montgomery & Scott was dissolved, and the said claim was assigned to plaintiff and became his property. The plaintiff demands judgment for $300, and interest. The defendants filed an answer denying all the allegations of the petition.

The cause was tried to a jury, and a verdict was returned for the plaintiff for $134.37. The motion for a new trial was overruled, and judgment was entered upon the verdict. The defendants appeal.

Scott v. Morse.

*Sapp, Lyman & Ament,* for appellants.

*Anderson & Briggs,* for appellee.

DAY, J.—It is claimed by the defendants that B. F. Montgomery, a member of the firm of Montgomery & Scott, agreed that

1. PRACTICE:
pleading:
verdict
against irrel-
evant evi-
dence.

his firm should render for defendants the services in question without charge. And it is insisted that there is no contradiction of the testimony of Montgomery, that he agreed on behalf of his firm that the services should be rendered without compensation. It is claimed that upon this branch of the case the verdict is opposed to the uncontradicted testimony, and, therefore, is not supported by the evidence. The only pleading interposed by the defendants is a general denial of all the allegations of the petition. This denial simply puts in issue the fact of the rendition of the services, their value, and that the claim therefor has been assigned to the plaintiff. If the defendants intended to rely upon the fact that there was an agreement that the services in question should be rendered without compensation, such defense should have been specially pleaded.

"Any defense which admits the facts of the adverse pleading, but by some other matter seeks to avoid their legal effect, must be specially pleaded." Code, § 2718. The case falls fully within the principle of *Parker v. Hendrie,* 3 Iowa, 263. In that case, as in this, evidence was introduced, and instructions were given, on an issue not tendered by the pleadings. A verdict was returned for the plaintiff, which the defendant moved to set aside, on the ground that it was against the law and the evidence. The motion was overruled. On the question presented the following language is employed:

"The testimony as to the agreement to return the machine, and the instructions based thereon, relate to an issue not made; or attempted to be made, by the pleadings. The testimony was, therefore, immaterial. To justify the granting of a new trial, on the ground that the verdict is against the weight of

the evidence, such want of evidence must relate to a material issue, legitimately made by the pleadings.   It is the issues of fact made by the pleadings which the jury are to determine, and not other or different, ones."   This case we regard as decisive of the question now involved.

AFFIRMED.

## ON REHEARING.

DAY, J.—Within the time authorized the defendant filed a petition for rehearing, in which it is urged that in the former 2. PLEADING: argument in this case it was maintained that the general denial. case of *Parker v. Hendrie*, upon which the foregoing decision is based, is not applicable, because it was decided under the Code of 1857, which did not authorize the general issue, whereas under the Code of 1873 the general issue is authorized, and that this point in the argument is not noticed in the opinion.   The Code of 1873, § 2655, authorizes a general denial of each allegation of the petition, but it does not authorize anything corresponding to the general issue at common law.   Under our system of pleading the general issue, as it existed at common law, is unknown; under the general denial authorized by the Code no affirmative defense can be proved.   Section 2709 of the Code provides: "Under a denial of an allegation, no evidence shall be introduced which does not tend to negative some fact the party making the controverted allegation is bound to prove."   The only facts which the plaintiff is bound to prove, in order to entitle him to recover, are the rendition of the services by Montgomery & Scott, their value, and that the claim has been assigned to plaintiff.   Under the general denial of the answer no evidence is competent which does not tend to negative one of these facts.   It is evident that evidence tending to show an agreement of Montgomery, that the firm should render the service without charge, is not of that character.

It is claimed, further, that it has been held that a party cannot in this court claim and take advantage of the fact that

immaterial evidence and erroneous instructions have gone to the jury, unless he objected and took exceptions at the proper time in the court below. In support of this position *Hervey v. Savery*, 48 Iowa, 313, is cited. It is true, as appellant claims, that it has been held that a party cannot, in this court, for the purpose of reversing a judgment, take advantage of the fact that immaterial evidence and erroneous instructions have gone to the jury, unless he objected and excepted at the proper time. This is upon the well settled doctrine that a case will be reversed only for an error raised and urged in the court below. The principle upon which this decision is based is essentially different from that recognized in *Parker v. Hendrie, supra.* The case of *Stanton v. Clinton*, 52 Iowa, 109, cited and relied upon by appellant, in the petition for rehearing, does no more than to recognize, by implication, the doctrine of *Hervey v. Savery, supra.*

It is claimed that the opinion in the case at bar is in conflict with, and overruled by, the subsequent case of *Cook v. Smith, ante*, 636. The portion of this opinion relied upon by appellant does no more than to recognize the doctrine that a judgment will not be reversed for the admission of evidence not objected to, although not relevant to the issues made. This decision is also based upon the familiar principle that a judgment will not be reversed for an error not insisted upon in the court below. It is not at all in conflict with the decision in the case at bar, which simply in effect holds that where a motion for a new trial, on the ground that the verdict is opposed to the evidence and the instructions, has been overruled, this court will not reverse, if the evidence and the instructions are not pertinent to any issue made in the case. We are content with the conclusion before announced. The petition for rehearing is

OVERRULED.