S.L. Hiatt, the plaintiff-appellant, brought suit in the district court on a promissory note payable to him in the sum of $16,500 March 1, 1924. This note was signed by the defendants-appellees, J.E. and S.M. Hamilton, according to the recitals in the instrument, on November 26, 1921. As a part of the proceedings, the appellant, as plaintiff in the district court, asked the foreclosure of certain collaterals, consisting of notes and mortgages which were given by the appellees, it is alleged, to secure the payment of the foregoing note. A part of this collateral security seems to have been furnished by the appellee J.E. Hamilton, and the remainder thereof by the appellee S.M. Hamilton.
Many defenses are pleaded by the appellees. The district court, however, entered a judgment in the full amount of the note in appellant's favor against the appellee J.E. Hamilton. Likewise, as against the appellee J.E. Hamilton, the district court decreed the foreclosure of the collaterals. J.E. Hamilton did not appeal. While the district court granted the appellant the full relief asked by him against the appellee J.E. Hamilton, yet that tribunal denied the appellant a personal judgment against the appellee S.M. Hamilton. Although a personal judgment was thus denied the appellant against S.M. Hamilton, nevertheless the district court granted the appellant the foreclosure of the collateral security given by S.M. Hamilton for the above-named note. Consequently the appellant appeals, because the district court refused to give him a personal judgment against S.M. Hamilton, and S.M. Hamilton appeals because that tribunal granted the appellant the foreclosure of the aforesaid collaterals.
I. Convenience dictates that consideration first be given to the appellant's appeal. Did the district court properly refuse to grant the appellant a personal judgment against the appellee S.M. Hamilton?
Several defenses were interposed by that appellee. For instance, he pleaded want of consideration for his signature on the note. Also, this appellee pleaded that because the appellant failed to collect, preserve, or avail himself of the securities, he, the said S.M. Hamilton, was thereby relieved from any further liability on the note. Again, it was pleaded by the appellee S.M. Hamilton that the appellant did not notify him that appellee J.E. Hamilton failed to pay the note. So, too, it was pleaded by S.M. Hamilton that the appellant, without his consent or knowledge, extended the *Page 217 
time for payment on the note. Under the record as here presented, it is not necessary to consider any of the defenses urged by S.M. Hamilton except the one relating to the want of consideration for his signature on the note.
[1] The appellant claims that, although the note is dated November 26, 1921, the same was executed, the consideration therefor paid, and the aforesaid collateral delivered, on July 20, 1920. According to the appellant, this transaction took place in the First National Bank, at Winterset, on the date above mentioned. Upon that occasion the appellant, he contends, was in the bank in the presence of the appellees. At that time and place the Hamiltons, the appellant asserts, both placed their signatures upon the note in question, although the instrument was post-dated. Concerning why the transaction took place on the 20th of July, 1920, while the note is dated November 26, 1921, the appellant does not explain. An explanation concerning why the transaction took place on July 20, 1920, although the note was dated November 26, 1921, is not afforded by the record. One searching for the truth about this matter is offered nothing but conjecture. Conjecture is not sufficient when facts are necessary. Not only does the appellant fail to explain such apparent confusion of dates, but no one else offers or attempts to clear away the perplexing circumstance.
J.E. Hamilton, the appellee, did not testify at the trial, but the appellee S.M. Hamilton did give testimony. This last-named appellee admits that he signed the note in question, but denies that he did so on July 20, 1920. He maintains that his signature was placed on the note November 26, 1921. Furthermore, the appellee S.M. Hamilton declares that when he signed the note, on November 26, 1921, the instrument had already been executed by J.E. Hamilton and was in the possession of the appellant. There is obviously no question that on July 20, 1920, the appellant gave J.E. Hamilton $16,500, or rather, the equivalent thereof in certificates of deposit. Thereafter these certificates of deposit were apparently cashed by J.E. Hamilton sometime near the 20th of July, 1920. During that period, however, the appellee S.M. Hamilton was not in Iowa. He, as a matter of fact, for a considerable period before July 20, 1920, and for a long time thereafter, was in New Mexico and California. S.M. Hamilton himself, as well as his wife, testified to that fact. Nothing in the record indicates that the appellee S.M. Hamilton and his wife were mistaken about this fact. Manifestly, then, *Page 218 
S.M. Hamilton was not in Jowa on July 20, 1920. Nor was he in Iowa on any date near that time. Hence S.M. Hamilton is correct when he says that he did not sign the note in question on July 20, 1920. As before explained, S.M. Hamilton testified that the note already had been executed by J.E. Hamilton when it was brought to him by appellant for S.M. Hamilton's signature. The only consideration which ever passed for this note, according to appellant, was the certificates of deposit given to J.E. Hamilton by the former July 20, 1920. If, then, S.M. Hamilton did not sign the note until November 26, 1921, there would be no consideration for his signature under the circumstances. There is no proof in the record sufficient to indicate that S.M. Hamilton's signature was placed on the note without the knowledge or consent of J.E. Hamilton. See Dickerman v. Miner, 43 Iowa 508.
It is not claimed by appellant that the appellee S.M. Hamilton's signature was placed on the note in consideration for an extension of the due date on the indebtedness. Likewise, it is not contended by appellant that on November 26, 1921, when the appellee S.M. Hamilton signed the note, any additional consideration was received either by J.E. or S.M. Hamilton. But one consideration for any of these transactions is claimed or proven by the appellant, and that relates to the original consideration of July 20, 1920, above named. Then, so far as the record is concerned, the appellee S.M. Hamilton signed the note after the transaction between appellant and J.E. Hamilton had been fully completed. There was no new consideration for the signature of the appellee S.M. Hamilton to the note at the later date. Therefore he is not bound as a co-maker or otherwise.
"It is the rule that, if the surety or co-maker signs after the completed transaction between payee and maker, there must be a new consideration, to bind the surety or co-maker." Nolte v. Nolte, 211 Iowa 1289 (local citation 1293).
"* * * a party who signs a note after its execution, delivery, and acceptance is not liable to the payee when there was no consideration for such signing, either in the form (1) of some advantage to some of the signers, or (2) of some disadvantage to the payee, or (3) of an agreement, at the time of the original execution and delivery, that the note would be so signed." Conner v. Henry, 205 Iowa 95. *Page 219 
"* * * indorsements made * * * subsequent to the consummation of the loan * * *" are "not binding * * * unless a new or additional consideration is shown. This is well settled law. It is elementary." Northern Tr. Sav. Bank v. Ellwood, 200 Iowa 1213
(local citation 1214).
None of the matters named in the foregoing cases as amounting to a consideration is present as a consideration for the appellee S.M. Hamilton's signature on the note in the case at bar. Without a consideration, then, the appellee S.M. Hamilton is not liable on the note, and the district court properly refused to enter a personal judgment against him.
[2] II. Did the district court wrongfully foreclose the collateral furnished by the appellee S.M. Hamilton? That question is involved on the latter's appeal.
S.M. Hamilton, according to the evidence, delivered to appellant, at the request of J.E. Hamilton, certain notes and mortgages. This was for the purpose of securing the above-named note. Said transaction took place before S.M. Hamilton signed the note in the manner and way before explained, on November 26, 1921. Appellant declares that these collaterals were delivered to him when the aforesaid transaction took place, on July 20, 1920. Each note thus delivered by the appellee S.M. Hamilton to the appellant was indorsed by the former. All, or some, of these notes were secured by mortgages, and the mortgages were duly assigned in writing by the appellee S.M. Hamilton to the appellant.
Nowhere in his answer does S.M. Hamilton plead a want or failure of consideration for the placing of this collateral. Both in his original answer and in the amendments thereto, S.M. Hamilton pleads that there was no consideration for his signature to the note, but he does not at any place make such allegation apply to the collateral. Not having pleaded this want or failure of consideration as a special defense, S.M. Hamilton cannot rely upon it under the circumstances. Apparently the cause was not tried on that theory in the district court. Section 9440 of the 1931 Code and preceding Codes provides:
"All contracts in writing signed by the party to be bound or by his authorized agent or attorney shall import a consideration."
Moreover, Section 9484 of the same Code declares:
"Every negotiable instrument is deemed prima facie to have *Page 220 
been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."
To overcome the presumption created by the foregoing statutes, it is necessary for a defendant to specially plead and prove want or failure of consideration. Gary v. Northwestern Mut. Aid Assn.,87 Iowa 25; Gould v. Gunn, 161 Iowa 155; Saddler v. Pickard,142 Iowa 691; In re Estate of Rule, 178 Iowa 184. In Saddler v. Pickard (142 Iowa 691), supra, we said, on page 693:
"Prior to the enactment of Section 3340 of the Code [of 1897], probably it was not necessary to plead special defenses. * * * But the statute now expressly provides that `special defenses must be pleaded,' and the only remaining inquiry is whether this was a special defense. In Scott v. Morse, 54 Iowa 732, the court held that an agreement to render legal services without remuneration, to be available as a defense, must be specially pleaded, and the decision has been cited since with approval. * * * this [foreclosure of consideration] was a special defense."
Again, in Gould v. Gunn (161 Iowa 155), supra, reading on pages 161 and 162, this court suggested:
"The effect of these two sections [3069 and 3070 of the 1897 Code], as heretofore interpreted, has been to put the burden upon the defendant of both pleading and proving a want of or a failure of consideration for a written contract."
Consistently this court again said in In re Estate of Rule (178 Iowa 184), supra, reading on page 191:
"It has been held too often to permit of any doubt that the burden is upon the party defending against a written instrument to plead and prove a want of consideration."
Want or failure of consideration, in view of the foregoing statutory presumption, is a special defense. Wilson v. Else,204 Iowa 857. Concerning special defenses, the legislature declared in Section 11209 of the Code:
"Any defense showing that a contract, written or oral, or any instrument sued on, is void or voidable, or that the instrument was delivered to a person as an escrow, or showing matter of justification, excuse, discharge, or release, and any defense which admits the *Page 221 
facts of the adverse pleading, but by some other matter seeks to avoid their legal effect, must be specially pleaded." (The italics are ours.)
Not having pleaded want or failure of consideration in the district court, the appellee S.M. Hamilton cannot now rely upon that defense. Accordingly the district court properly granted the appellant a foreclosure of the chattels.
Wherefore, the judgment and decree of the district court must be, and hereby is, affirmed on both appeals. — Affirmed on both appeals.
WAGNER, C.J., and EVANS, MORLING, and GRIMM, JJ., concur.