" GEORGE, THE COUNT JOANNES," *vs.* ALFRED MUDGE & another.

Parol evidence is competent to show a special contemporaneous agreement to charge noth-ing for services to be rendered by one who was not an attorney at law, but was " author-ized and employed " by a written power of attorney to manage and defend a suit at law.

HOAR, J. The case shows that the defendants were sued in an action of slander jointly with one Nixon, who engaged the services of the plaintiff, on behalf of the defendants as well as

himself, to defend the suit. It was agreed between the defendants and the plaintiff that he should charge them nothing for his services, and Nixon assumed the whole expense of the defence. The plaintiff, not being an attorney at law, took from the defendants a special power of attorney, authorizing and employing him to appear and act in their behalf. He now claims compensation for his services from them, and at the trial objected to the admission of the parol agreement in evidence, on the ground that it would tend to vary or contradict the terms of the written power of attorney; and contended that, to put aside his claim under the written employment, there must be some written agreement to conduct the case without payment from the defendants.

There is no foundation in law for these positions. The power of attorney says nothing about compensation. It has its full effect equally whether he was to be paid or not. The law will imply a promise to pay for services rendered by the plaintiff at the request of the defendants, whether the request is written or oral, if the services are of value, and nothing more appears; but the employment is merely evidence of a promise to pay, and the implication may be rebutted by evidence.

*Exceptions overruled.*

The plaintiff, *pro se.*

No counsel appeared for the defendants.