ESTHER RIDLER, Appellant, v. J. W. RIDLER, Adminis-
trator of the Estate of GEORGE RIDLER, Deceased.

**Contract:** PARENT AND CHILD: *Services.* An express promise of
compensation is not essential to the existence of a valid claim by
a daughter against the estate of her father for services rendered
to him while living in the same family, but it is sufficient if the
services were rendered with the expectation on her part of receiv-
ing compensation, and on the part of the father of making com-
pensation therefor.

MEASURE OF RECOVERY. An instruction, that in determining the com-
pensation to be allowed the daughter of intestate for services
rendered to him, the jury should consider the circumstances of the
claimant, as well as those of the family of the intestate, and
award such sum as will be just to the estate and to the claimant,
and a fair response to the evidence,—is erroneous, as it includes
improper elements to be considered in arriving at a proper meas-
ure of compensation.

**Evidence:** VOLUNTEER STATEMENTS. In a proceeding by a daughter
to establish a claim for work and labor against her father's estate,
the statement, "But, then, Esther (claimant) didn't work at home
just as a hired girl," volunteered by a witness for the adminis-
trator, during her examination in chief, was simply a conclusion
of such witness, and therefore inadmissible.

SAME. Where such witness, in answer to a question on cross-exam-
ination respecting the manner in which she would treat a girl
who was working for her, replied, "Why, Esther was not con-
sidered a hired girl at my father's house; she was considered
as one of the children,"—such answer was incompetent, and not
responsive.

SAME. The answer of a .witness for the administrator in proceedings
by a daughter of the intestate to establish a claim for services
in reply to a question as to the worth of such services in the
neighborhood, that she did not know because people in that
neighborhood took care of their parents with the assistance of
the neighbors, except in the evidence of that trial, and that she
never heard of a charge being made in such a sense, is irrespon-
sive, and highly prejudicial, and should be stricken out on motion.

PERSONAL TRANSACTIONS WITH DECEDENT. The testimony of a wit-
ness for the administrator as to the kind of services claimant ren-
dered the intestate and his wife, makes the testimony of the

claimant as to the character of such services competent under the proviso of Code 1873, section 3639, that the prohibition of the testimony of an interested party to transactions with a deceased person shall not extend to any transaction or communication as to which the administrator shall be examined on his own behalf.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

### MONDAY, OCTOBER 25, 1897.

PROCEEDINGS to establish a claim for work and labor against the estate of George Ridler, deceased. The administrator denied the claim, and further pleaded the statute of limitations, and also pleaded that claimant is a daughter of the deceased, and that, during the time the labor and work was performed, she lived with the deceased as a member of his family, and performed the services as such. Trial to a jury; verdict and judgment for the administrator; and claimant appeals.— *Reversed.*

*R. W. Stewart* for appellant.

*Longueville & McCarthy* for appellee.

DEEMER, J.—This is the second time the case has been before us. The first opinion will be found in 93 Iowa, 347. Upon a re-trial, claimant introduced the same evidence and proved the same state of facts as are recited in that opinion. The pleadings are the same with this exception: that appellant filed an amendment to her claim, in which she stated that it was orally agreed between herself and father that she should receive compensation for her services, which should be paid out of his estate after his death. In the former opinion we held that the case should have gone to the jury on the evidence adduced. At the trial from which this appeal is taken, the case was submitted to a jury,

with the result above indicated. A number of errors are assigned, which we will now consider.

Mrs. Mathias Thompson, a half-sister of appellant, was a witness for the administrator. During the course of her examination in chief, she volunteered this statement: "But, then, Esther didn't work at home just as a hired girl." Claimant moved to strike it out, as a conclusion, incompetent, immaterial, and improper. The motion was overruled, and exception taken. This question was propounded to her on cross-examination: "Q. I suppose you didn't allow a girl that was working for you to go out of an evening, or have company come to the house to see her? That would not be consistent with your ideas of a hired girl's duty, would it?" To which she answered: "A. Why, Esther was not considered a hired girl at my father's house; she was considered as one of the children." Appellant moved to strike this answer, as not responsive, a conclusion, incompetent, irrelevant, and immaterial. This motion was also overruled. These rulings were manifestly incorrect. The voluntary statement was simply a conclusion of the witness, *Peck v. McKean*, 45 Iowa, 18; and the answer to the question was incompetent and not responsive.

A witness for the administrator was asked this question: "Q. Do you know what the services of taking care of them during that time would be worth in that neighborhood?" To which he responded: "A. I don't know, because I never heard of any one being hired just specially for that. The most of them out there, the neighbors turn in, and help, and their own family takes care of them, and I don't know as we ever heard of a charge being made, only in the evidence here yesterday." Appellant moved to strike the answer, because not responsive, incompetent, irrelevant, and immaterial. That it was not responsive is

clear, and it is just as apparent that the answer was incompetent and highly prejudicial.

The administrator testified as to the physical needs and condition of his parents, and as to the kind of service that appellant rendered. He also testified with reference to the need of attention at night. Claimant was the called in rebuttal, and questioned as to services she had performed, and the manner of such services. Objections to these questions were sustained, on the ground that the witness was incompetent, under section 3639 of the Code of 1873. This section contains this exception: "But this prohibition shall not extend to any transaction or communication as to which such * * * administrator * * * shall be examined on his own behalf." It seems to us that the claimant's evidence should have been admitted, under the exception contained in the statute. *Bailey v. Keyes*, 52 Iowa, 90.

II. The court instructed the jury that it was necessary for claimant to establish an express promise that she should be compensated for her services. We have held that there must be proof of an express promise, or of such facts and circumstances as satisfy the jury that the services, if any, were rendered in the expectation by one of receiving, and by the other of making, compensation therefor. *McGarvy v. Roods*, 73 Iowa, 363; *Cowan v. Musgrave*, 73 Iowa, 384; *Scully v. Scully*, 28 Iowa, 548. The doctrine of implied contract with relation to such cases as illustrated in the foregoing opinions was not submitted. On the contrary, the court erroneously instructed that an express contract must be proven before there can be a recovery.

III. In the instruction with reference to the compensation to be allowed, the court said to the jury that

they should consider the circumstances of the claimant, as well as the circumstances of the family (of deceased), and award such sum as would be just to the estate and to the claimant, and a fair response to the evidence. Manifestly, these are not proper elements to be considered in arriving at a proper measure of compensation.

For errors pointed out, the judgment of the district court is REVERSED.