HENRY SCHROEDER v. WILLIAM SCHROEDER, Appellant.

**Action for Services:** FAMILY RELATIONS: DEFENSES: PLEADINGS: EVIDENCE. In an action for services rendered, the defense that the labor was performed by plaintiff as a member of defendant's family is unavailable under a general denial, but must be pleaded.   Evidence considered and held sufficient to support the verdict.

*Appeal fr m Bremer District Court.—*Hon. J. F. Clyde,
Judge.

Wednesday, January 21, 1903.

Action to recover for labor, for personal property
converted by the defendant, and for the use of land.
Verdict and judgment for the plaintiff. The defendant
appeals.—*Affirmed.*

*Sager & Sweet* for appellant.

*Long, Hagermann & Farwell* for appellee.

Sherwin, J.—The petition was in counts covering the
several claims. To the count seeking recovery for services
rendered the defendant there was a general denial. It
was nowhere pleaded by the defendant that such services
were gratuitous or performed as a member of his family,
and we find nothing in the record which indicates that the
case was tried below on the theory that there was such an
issue. The main contest seems to have been over the
question of the abandonment of the plaintiff's life tenancy,
and the defendant's claim was that the plaintiff had
surrendered it to him under a contract whereby he was to
support him and to pay him a certain monthly stipend.
If his theory as to this is correct, the plaintiff was hardly
such a member of his family as to raise any presumption
in his favor. But in any event the relation must be
pleaded, if it is relied upon. Under the issues and the
procedure, there was nothing in this branch of the case
that called for another instruction, or for a different
instruction from No. 5 given by the court. *Scott v.
Morse,* 54 Iowa, 732.

There was a general denial only to the claim for per-
sonal property converted by the defendant. It is con-
clusively shown that he received some of it, and used and

sold it as his own.   It belonged to the plaintiff, and, under the issues and the evidence, he was entitled to pay for it. *Gary v. Association*, 87 Iowa, 25.   The questions relating to the lease to, or use of the land by the defendant during the year 1899 were, we think, submitted to the jury under proper instructions.   We are of the opinion that the evidence offered as to the consideration paid by the plaintiff for his life tenancy of the land in question might properly have been received, as tending to support the defendant's contention that the land was surrendered to him; but it would have been a slight circumstan e, only, and, whether conceded or denied, of no particular benefit to either party, and we will not reverse because it was not received. The verdict was for a part of the plaintiff's aggregate claim.   What particular items of the several demands were allowed we have no means of knowing, but we think each count of the petition had evidence in its support sufficient to take it to the jury.

The judgment is right, and it is AFFIRMED.