CHARLES SADDLER, Appellant, v. CHARLES PICKARD, Administrator of the Estate of ALEXANDER MILLER, Deceased.

**Estates of decedents:** CLAIMS: DEFENSES: PLEADINGS. Under the statute providing that any defense showing matter of excuse, discharge or release, or other matter by which it is sought to avoid the legal effect of facts alleged must be specially pleaded, the defense to a claim for services rendered a decedent that claimant intended the service to be gratuitous is not provable unless specifically pleaded.

*Appeal from Van Buren District Court.*—HON. M. A. ROBERTS, Judge.

TUESDAY, JUNE 1, 1909.

ALEXANDER Miller died October 4, 1905, and Charles Pickard was appointed administrator of his estate. For several years a stepson, Charles Saddler, had, prior to his death, rendered services for him, and furnished some supplies, and a claim therefor in the sum of $300 was presented to the administrator of the estate. This was duly approved and allowed. Thereafter a son, George Miller, filed an application to have the order of allowance set aside. This was done, and said Miller and a daughter of deceased, S. A. Gillespie, were permitted to and did defend in the name of the administrator. Upon hearing the claim was rejected. The claimant appeals.—*Reversed.*

*Walker & McBeth,* for appellant.

*E. L. McCoid,* for appellee.

LADD, J.—The deceased was the owner of eighty acres of land, and, as he had attained the age of eighty-two years, required assistance in farming this land for five or six years prior to his death. At different times the claimant, a stepson, who resided several miles distant, with the assistance of his minor sons and employees, had put in the crop, harvested it and the hay, cut up his corn, cut and hauled his firewood, and carried to him feed for his chickens and corn meal for his table. On several occasions, upon completion of work, he was shown to have said to claimant that, though then without money, he should be paid sometime. No word or act of claimant prior to the decedent's death indicated an intention that the services should be gratuitous. There was evidence of the

value of services, and, but for the court's finding that these were rendered without intention of being compensated, the claim in some amount must have been allowed. The only evidence, if any, tending to support the finding, was that of several witnesses, received over objection, to the effect that, at a meeting of the heirs to settle the estate, claimant had stated that deceased owed him nothing at the time of his death. This was contradicted by other witnesses, but may be conceded to be sufficient, for the purposes of this appeal, to preclude any interference with the court's conclusion on the facts, provided any such issue was presented for decision. No defense that the services were intended by claimant to be gratuitous was pleaded. Was this necessary, in order to raise that issue?

Prior to the enactment of section 3340 of the Code, probably, it was not necessary to plead special defenses. *Benton County Sav. Bank v. Strand,* 106 Iowa, 606. But the statute now expressly provides that "special defenses must be pleaded," and the only remaining inquiry is whether this was a special defense. In *Scott v. Morse,* 54 Iowa, 732, the court held that an agreement to render legal services without remuneration, to be available as a defense, must be specially pleaded, and the decision has been cited since with approval. *Gary v. Association,* 87 Iowa, 25; *Morning v. Long,* 109 Iowa, 290; *Schroeder v. Schroeder,* 119 Iowa, 68. Section 3629 of the Code declares that "any defense showing that a contract, written or oral, or any instrument sued on, is void or voidable or that the instrument was delivered to a person as an escrow, or showing matter of justification, excuse, discharge or release, and any defense which admits the facts of the adverse pleading, but by some other matters seeks to avoid their legal effect, must be specially pleaded." It was asserted in the claim that the services had been rendered at the request of deceased, and the value thereof was stated.

Under a denial of these allegations, only evidence tending to negative facts claimant was bound to prove was admissible.  Section 3615, Code.  That deceased intended that the services should be paid for was fully proven, and if claimant's purpose was otherwise, and these were rendered without intention to exact compensation, this was a defense which, in the language of the statute, admitted the facts of the adverse pleading, and therefore must have been specially pleaded.

As it was not so pleaded, the order rejecting the claim was based on an issue not raised, and must be *reversed.*