No. 18,971.

H. H. Clark, *Appellant*, v. George Townsend, revived in the name of M. L. Schaden, as Administratrix, etc., *Appellee*.

SYLLABUS BY THE COURT.

1. GENERAL DENIAL—*Evidence of Special Contract.* In an action for the reasonable value of services rendered it is not error to admit under a general denial evidence of an agreement that no charge was to be made therefor, where no actual prejudice appears.

2. WRITTEN CONTRACT FOR SERVICES — *Parol Evidence — Gratuitous.* Where the recipient of a letter authorizing him to buy certain property upon certain terms, as the agent of the writer, nothing being said about compensation, brings an action for the reasonable value of his services thereunder, the defendant may show a prior agreement that no charge was to be made, if under all the circumstances the document does not appear to cover the entire contract of the parties.

3. SAME—*Unsigned Memorandum—When Admissible.* An unsigned memorandum of a proposed contract, although of a different effect from the instrument finally executed, may be received in evidence for the purpose of showing the relation of the parties, where that will throw light upon their understanding with regard to a subsequent transaction.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer, judge. Opinion filed December 11, 1915. Affirmed.

*E. C. Little*, of Kansas City, for the appellant.

*William G. Holt*, and *James K. Cubbison*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

Mason, J.: H. H. Clark sued George Townsend for the reasonable value of his services in negotiating for him the purchase of a number of tracts of land. A verdict was returned for the defendant, on which judgment was rendered. The plaintiff appeals.

(1) The only reply was a general denial. The defendant was permitted to introduce evidence of an agreement that the services rendered by the plaintiff were to be gratuitous. The plaintiff contends that this was not permissible under a mere

Clark v. Townsend.

general denial. Text-writers approve the practice adopted (3 Enc. L. & P. 1348; 1 Sutherland's Code Pleading Practice and Forms, § 410; Phillips on Code Pleading, § 383), citing, however, but one decision in its support (*Schermerhorn v. Van Allen,* 18 Barb. [N. Y. Supr. Ct.] 29). The contrary rule has been announced, likewise with the citation of but one case. (Kinne's Pleading and Practice, 2d ed., § 298, p. 284, citing *Scott v. Morse,* 54 Iowa, 732, 6 N. W. 68, which was followed in *Schroeder v. Schroeder,* 119 Iowa, 67, 93 N. W. 78.) A similar disagreement exists as to proving any special contract under a general denial. (22 Encyc. of Pl. and Pr. 1371, note 5.) In an action for the value of services the object of good pleading would seem to be promoted by alleging in the answer that an agreement existed that no charge was to be made where that defense is to be relied on. But here the petition itself was framed in the most general terms—practically the old common counts—while reliance was had upon a written contract. The judgment was rendered upon a second trial, and it is clear that the plaintiff was in no way misled or prejudiced by the form of the pleadings. Therefore the ruling as to the scope of the answer could not be a ground of reversal, whatever rule of pleading should be followed. (Civ. Code, §§ 134, 141.)

(2) The plaintiff produced a document in the form of a letter, dated January 8, 1909, addressed to him and signed by the defendant, which read as follows, the parts relating to the terms of purchase being omitted:

"You are hereby authorized, acting for us and as our agent, to purchase any or all of the following tracts of land at prices not exceeding the prices indicated after said tracts. . . . ˙We will guarantee you in the matter of the money you advance on these tracts which are taken ·for us.

"You will, of course, get these contracts at just as much lower than these prices as you possibly can."

The plaintiff contends that in allowing testimony of a prior or contemporaneous oral agreement that his services were to be rendered without charge the court erred, such ruling being in violation of the principle which forbids the reception of parol evidence to vary the terms of a written contract. Wherever the law attaches a fixed consequence to the language

used, and thus by interpretation reads into a document a term which otherwise might be regarded as omitted, the matter implied is as much a part of the instrument as that which is written, and can not be varied by oral evidence. (*Doolittle v. Ferry*, 20 Kan. 230; 17 Cyc. 570.) Therefore where a writing is silent as to some particular element of a contract (for instance the time within which it is to be performed, or the amount to be paid), under circumstances compelling the inference of an intention to be governed by the standard of what is reasonable, a specific agreement on the subject, resting in parol, may not be shown. (17 Cyc. 570, 571, notes 66 and 69; 9 Encyc. of Ev. 349; 2 Parsons on Contracts, p. *552; *Standard Box Co. v. Mutual Biscuit Co.*, 10 Cal. App. 746, 103 Pac. 938; *Cameron Coal & Mercantile Co. v. Universal Metal Co.*, 26 Okla. 615, 110 Pac. 720; *Smith Sand & Gravel Co. v. Corbin*, 81 Wash. 494, 142 Pac. 1163.) But whether oral evidence may be allowed to supplement a contractual writing, by supplying a term not therein referred to, depends upon whether the instrument was intended to cover that feature of the transaction. (4 Wigmore on Evidence, § 2430; 17 Cyc. 741.) Language has often been used indicating that this must be determined from a mere inspection of the document. For instance, the second paragraph of the syllabus in *Ehrsam v. Brown*, 64 Kan. 466, 67 Pac. 867, might be open to that interpretation. But a more accurate statement of the rule allows outside evidence for the purpose at least of showing the conditions surrounding the transaction and the relations of the parties. (17 Cyc. 746, 747; 4 Wigmore on Evidence, § 2431.) Where one performs services at the request of another without any express agreement as to compensation, a contract to pay a reasonable amount is implied, in the absence of circumstances giving rise to a different inference. Yet this fact does not prevent the making of a memorandum covering the character of services to be rendered, but not the amount of compensation.

The presumption that one who performs services at the request of another is entitled to reasonable compensation is rebuttable. A counter presumption may arise from circumstances justifying an inference of an intention to do the work gratuitously. (40 Cyc. 2845.) Here the letter from the defendant to the plaintiff does not purport to set out all the

Clark v. Townsend.

terms of a contract between them. It is in substance a certificate of the plaintiff's authority to represent the defendant in making contracts for the purchase of the tracts referred to—in effect a power of attorney. It is equally consistent with an express agreement to pay according to the time consumed, or upon a commission basis, or with an implied understanding that the plaintiff should be paid whatever was reasonable. Therefore evidence was competent that tended to show an express agreement that no charges should be made, or to show circumstances justifying the inference that such was the intention of the parties. An exactly similar situation was presented in *"Joannes" v. Mudge & another,* 88 Mass. 245, where the opinion concludes thus : "The power of attorney says nothing about compensation. It has its full effect equally whether he was to be paid or not. The law will imply a promise to pay for services rendered by the plaintiff at the request of the defendants, whether the request is written or oral, if the services are of value, and nothing more appears ; but the employment is merely evidence of a promise to pay, and the implication may be rebutted by evidence." (p. 246.) Cases illustrating the principle are collected in 9 Encyc. of Ev. 452, note 84, and in 17 Cyc. 745, note 43.

(3) For the purpose of proving that the parties to the transaction understood that Clark was to receive no payment for his services in buying the land for Townsend, the defendant introduced a writing prepared in December, 1908, as the basis of a written contract which was executed on January 6, 1909. The writing itself was never signed. One paragraph of it read as follows :

"H. H. Clark agrees to lend his aid in procuring such additional land & privileges for the benefit of the Constn. Co.'s project for one-fourth stock in all companies as may be deemed necessary by Geo. Townsend and C. F. Enright without cash remuneration, not to exceed 30 days. The optional money to be paid from sale of the land and Clark to be Industrial Commissioner."

The plaintiff contends that this document should not have been admitted because it never was executed ; because it constituted a part of the negotiations which led up to and culminated in the contract of January 6 ; and because upon its face it related to an agreement between Clark and a construction company, and not between Clark and Townsend. Clearly it

was not admitted as a contract binding upon the plaintiff, or for the purpose of affecting in any way the instrument of January 6. It was obviously received as showing one step in the development of the relations of Clark and Townsend, for whatever light it might throw upon the question whether or not their intention was that Clark was to be paid in money for his services in buying the land. In that view we think it was competent. Various circumstances were brought out from which it might be inferred that Clark had such an interest in furthering the projects which Townsend was promoting that he gave his services to that end with the understanding that he was not to be otherwise compensated. This question seems to have been fairly tried out, submitted and determined, and we find no reason for interfering with the decision of the trial court.

The judgment is affirmed.