No. 30,117.

CECIL E. LUCAS, *Appellant,* v. THE INDIVIDUAL MAUSOLEUM
COMPANY, *Appellee.*

(5 P. 2d 1077.)

Opinion
filed December 12, 1931.

*T. R. Evans,* of Chanute, for the appellant; *Payne H. Ratner,* of Parsons,
of counsel.

*Carl V. Rice,* of Parsons, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover a commission for the
sale of patent rights. Judgment was for defendant. Plaintiff ap-
peals.

Appellee is engaged in the business of manufacturing concrete
burial vaults. It has the patent on this burial vault. Appellant
was employed by appellee to sell the right to sell this patent burial
vault in certain territory. The contract was in writing. By its
terms appellant was to be paid 25 per cent commission upon the
gross price at which patent rights in various units of territory were
sold by appellant. The contract did not specify whether this com-
mission should be paid when the sale was made or when the money
therefor should be received by appellee.

Appellant negotiated a transaction whereby the Ottawa Surface
Burial Vault Company was organized. This company was given the

right to sell concrete burial vaults in certain territory. It provided that a man by the name of E. E. Liner was to organize the Ottawa company and, among other things, to sell sufficient stock in this company so that $10,000 could be paid to appellee in return for the right to sell the burial vault in certain territory. It will be seen that had this contract been successful appellant would have been entitled to 25 per cent of $10,000, or $2,500. The contract with the Ottawa company was not a success. No money was ever paid to appellee as a result of it. Appellant demanded the payment of his commission from appellee. Payment was refused. This suit was brought. Trial was to the court. Findings of fact and conclusions of law were made. These were against the contentions of appellant, and he appeals. As has been noted, the written contract between appellant and appellee was silent as to when the commission was to become due. Appellee introduced evidence to sustain the following findings of fact:

"3. The court finds, that before the contract 'Exhibit B' was executed, and when by plaintiff presented to the board of directors of defendant for approval and execution, members of the board called the attention of plaintiff to the fact that it contained no provision or statement as to the time when commissions for the sale of units of territory would be due or payable, and expressed dissatisfaction with the form of the prepared contract and to its execution, unless there was some understanding as to the time of payment embodied in an agreement, and it was then and there orally agreed between plaintiff and the board of directors representing defendant, at the suggestion of plaintiff, that no commission would be due plaintiff from defendant on sales of units of territory by plaintiff, until money was paid to defendant, and that the contract, if executed in that form, the form presented and subsequently executed, it should be so interpreted, and that plaintiff would make of defendant no claim for commission for units of territory sold by plaintiff until money therefor had been paid to defendant.

"5. The court finds, that said contemporaneous oral agreement was mutually made and entered into between plaintiff and defendant to serve as an understanding, and an interpretation of the written contract 'Exhibit B,' as to the time payment of commission for units of territory sold by plaintiff would be due plaintiff from defendant.

"6. The court finds, that by said contemporaneous oral agreement it was mutually agreed between plaintiff and defendant, that no commission would be due plaintiff from defendant for sale of units of territory until money therefor had been by the purchaser paid to defendant."

Appellant urges that the admission of this evidence was error because it tended to and did operate to change the terms of a written contract, which was not on its face ambiguous. He also points out

the fact that appellee canceled the contract with the Ottawa company and by this act made it impossible for the Ottawa company to comply with the contract, and argues that appellee is liable for the commission on that account even though the evidence objected to was properly admitted.

Whether oral evidence may be admitted to supplement a written contract by supplying a provision not referred to therein depends upon whether the instrument was intended to cover that feature of the contract. This general question is discussed in the case of *H. H. Clark v. Townsend*, 96 Kan. 650, 153 Pac. 555, where the court said:

"Language has often been used indicating that this must be determined from a mere inspection of the document. For instance, the second paragraph of the syllabus in *Ehrsam v. Brown*, 64 Kan. 466, 67 Pac. 867, might be open to that interpretation. But a more accurate statement of the rule allows outside evidence for the purpose at least of showing the conditions surrounding the transaction and the relations of the parties." (p. 652.)

When the surrounding circumstances in relation to the parties are examined in the case at bar it is evident that it was not the intention of either party that the written contract should govern the matter of whether the compensation due the agent should be paid at the time a sale of territory was made or when the money was received therefor. The evidence offered to prove the contemporaneous oral contract establishes this beyond a doubt. In addition to that circumstance we have the statement of appellant on one or two occasions where he requested appellee to enforce the contract against the Ottawa company so that he could receive his commission, and the fact that with reference to other transactions of a like nature he did not collect his commission for the sales until the money therefor had been received by appellee. The rule announced here as to the admissibility of evidence of surrounding facts and circumstances is supported in 22 C. J. 1290. (See, also, *Mayse v. Grieves*, 130 Kan. 96, 285 Pac. 630; *Handrub v. Griffin*, 127 Kan. 732, 275 Pac. 196.)

We conclude that the circumstances surrounding the execution of the written contract and the entering into of the contemporaneous oral contract were such as to make the evidence of the oral contract admissible to supply a provision that was omitted from the written contract and which does not vary or change it in any way, but merely supplements it and covers matters which the written contract was not intended to cover.

Appellant argues that since appellee permitted the Ottawa company to forfeit the contract it cannot raise the fact that it had not paid anything on its contract as defense to the claim of appellant. This argument fails for the reason that the evidence and findings of fact convince us that the contract was simply a promotion contract and its forfeiture was only recognition of the fact that it was one that could not be carried out.

The judgment of the district court is affirmed.