ELLA FERRIS, claimant-appellee, v. HELEN E. BARRETT, administratrix of estate of HOWARD H. PAYNE, appellant.

No. 49676.

(Reported in 95 N.W.2d 527)

MARCH 10, 1959.

Jordan, Statton & Jordan, of Boone, for appellant.

Mahoney & Mahoney, of Boone, for appellee.

PETERSON, J.—This is a claim in probate filed by Ella Ferris against the estate of Howard H. Payne, deceased. It is for services rendered by claimant for room, board, laundry and personal care of Grace Payne, sister of decedent. The parties stipulated as to all facts in the case. The case was submitted to the court without a jury.

Ella Ferris and Howard H. Payne were married in Wisconsin on November 19, 1947. From May 1950 to June 1951 they lived at Boone in a residence wherein Grace Payne had a life estate. From June 1951 to February 1954 they lived on a ranch in Meade County, South Dakota, which was owned by Mrs. Payne and her family. In April 1954 Mrs. Payne was divorced from decedent. She was granted the right to use her maiden name. During the four years from 1950 to 1954 she rendered services, including room, board, laundry and personal care for the sister of decedent, who was elderly, mute and partially deaf. The stipulation provided the services rendered by her were of the reasonable value of $1550 and the trial court rendered judgment for this amount. The administratrix of the estate of Howard H. Payne has appealed.

The parts of the stipulation of facts agreed upon between the parties which are pertinent to the legal questions now raised by the administratrix are as follows: "That during the time that this claimant and this decedent were wife and husband this claimant performed certain services for the care and keep of Grace Payne, the sister of this decedent who is an aged mute and partially deaf [person] * * * said Grace Payne resided in the household of said claimant and this decedent; such services included room, board, laundry and personal care * * * such services were rendered continuously from the month of May 1950 to February 14, 1954, at the instance and request of decedent,

and that the fair and reasonable value of such services is the sum of $1550 * * * that the value of the services rendered by claimant remained constant during the period covered by the claim * * * decedent and Grace Payne lived on a ranch in Meade County, South Dakota, which ranch was owned by the claimant or the claimant and other members of her family, and that whatever money was spent for food and shelter of Grace Payne during the period covered by the claim was from claimant's personal funds."

■ This case is not triable de novo. Claims in probate are tried as ordinary actions and the decision of the trial court as to contested facts is binding upon this court. In re Estate of Wulf, 242 Iowa 1012, 48 N.W.2d 890, 33 A. L. R.2d 698; In re Estate of Kneebs, 246 Iowa 1053, 70 N.W.2d 539. However, this is of no significance in the case at bar as there were no contested facts for the court to determine. All facts were stipulated. The only questions to be decided are questions of law.

■ I. The first assignment of error by appellant is that the court erred when it stated in its findings and judgment that "the decedent promised to pay the claimant if she would care for Grace Payne." Appellant takes the position that the facts were all stipulated; that there was no evidence offered in the case outside of the stipulation, and the stipulation does not show that an agreement was made as broad in its terms as the above statement.

The court could reasonably find that an agreement was made from the provisions of the stipulation that the services were rendered "at the instance and request of decedent and that the fair and reasonable value of such services is the sum of $1550."

■ II. The second assignment of error is in some respects the same as the first. Appellant alleges that in view of the family relationship there must be an express agreement on the part of the decedent to pay the claimant for the services rendered. Where services are rendered to another member in the family the presumption is that they are gratuitous. Under such conditions the burden is on the claimant to show by a preponderance of the evidence that there was an agreement, or mutual expectation or understanding, that there was to be compensation therefor. Ridler v. Ridler, 103 Iowa 470, 72 N.W. 671; Wright v

Reed, 118 Iowa 333, 92 N.W. 61; Feltes v. Tobin, 187 Iowa 11, 171 N.W. 739; Snyder v. Nixon, 188 Iowa 779, 176 N.W. 808; In re Estate of Talty, 232 Iowa 280, 5 N.W.2d 584, 144 A. L. R. 859.

It is especially true in cases of this type that each case must turn upon the facts shown. Here again the facts of this case are that the stipulation provides that the services were rendered by claimant to her sister-in-law at the instance and request of decedent. It appears that for three years out of the four years involved the sister-in-law lived on the ranch of claimant and her family, and that whatever money was spent for food and care of Grace Payne was from claimant's personal funds. Under these agreed facts the burden was carried by claimant, and the trial court was correct in deciding accordingly.

III. The third assignment of error alleged by appellant is that the court erred in holding that the services rendered by claimant were of a compensable nature.

As between the members in a family circle there is a presumption that board and room furnished, and services rendered, are gratuitous. Scully v. Scully's Executor, 28 Iowa 548; Feltes v. Tobin, Snyder v. Nixon and In re Estate of Talty, all supra. This is the principle urged by appellant.

The defense of gratuity is a special defense and is not raised by general denial. Section 635.57, 1958 Iowa Code, provides as follows:

"All claims filed, and not expressly admitted in writing signed by the executor or administrator, with the approbation of the court, shall be considered as denied, without any pleading on behalf of the estate, but *special defenses must be pleaded*." (Emphasis ours.)

We have decided this question in several cases. Saddler v. Pickard, 142 Iowa 691, 121 N.W. 374; Schroeder v. Schroeder, 119 Iowa 67, 93 N.W. 78; Wilson v. Else, 204 Iowa 857, 216 N.W. 33; In re Estate of Talty, supra.

In the case at bar the estate did not file pleading raising the special defense of gratuity, which omission is fatal as to this alleged error. However, since the important question has been raised, it is advisable that we give the matter consideration.

There are several exceptions to the general rule of gratuity as above outlined. One is an agreement for compensation. This question was raised in the second assignment of error and was considered in Division II. Wright v. Reed, supra; Bohanan v. Maxwell, 190 Iowa 1308, 181 N.W. 683, 14 A. L. R. 1004; Reid v. Reid, 216 Iowa 882, 249 N.W. 387; Sinift v. Sinift, 229 Iowa 56, 293 N.W. 841.

In Wright v. Reed, supra, a claim was filed by Mrs. Wright in the estate of her brother for nursing and care of the father in his old age and illness. The brother had received most of the property left by the father and had agreed to care for him in his declining years. When the brother and his wife were not able to give him proper care he sent for his sister to come and render that service, which she did. The court held when he sent for her and asked her to cease other work and come and take care of her father there was an agreement that she should be compensated for such care.

■ As between a husband and wife, if the work is completely nonmarital, the wife can collect for the services rendered. Reid v. Reid and Bohanan v. Maxwell, both supra; Page on Contracts, Second Ed., Volume 2, section 932, page 1651.

■ In Reid v. Reid, supra, at page 885 of 216 Iowa, the court said: "The distinguishing point between these lines of cases is the general nature of the services performed. If the services performed are within the scope of those demanded by the marital relation, then the wife may not contract with the husband for such services; but, where the services rendered are of a general nature, beyond the scope of those demanded by the marriage relation, she may contract with her husband for the same and recover from him therefor."

We have considered cases where the services rendered, and the circumstances, are such that there is an implied agreement as to payment. Feltes v. Tobin and Snyder v. Nixon, both supra.

In Snyder v. Nixon, at page 784 of 188 Iowa, the court said: "It is only a presumption that the services are rendered gratuitously, when rendered by one member of a family to another, but not a conclusive presumption. It is a presumption that may be negatived, as well by circumstantial evidence as by direct; and, when this presumption is negatived, the general rule ap-

plies: to wit, that, where one renders services to another, with his knowledge, the law implies a promise to pay."

If there was a mutual expectation as to payment for services, the rule of gratuity does not apply. Marietta v. Marietta, 90 Iowa 201, 57 N.W. 708; Soderland v. Graeber, 190 Iowa 765, 180 N.W. 745; Spicer v. Estate of Spicer, 201 Iowa 99, 202 N.W. 604; Clark v. Krogh, 225 Iowa 479, 280 N.W. 635.

The presumption of gratuity is very strong as between husband and wife and parent and child. In other family relationships, such as sister-in-law and brother-in-law, uncle, aunt, brother, sister and cousin, it is not of as great weight as within the intimate family circle. In re Estate of Talty, supra; 98 C. J. S., Work and Labor, section 16; 58 Am. Jur., Work and Labor, section 11.

In In re Estate of Talty, supra, at page 287 of 232 Iowa, we said: "There was no blood relationship between appellant and decedent. The presumption of gratuity ordinarily is less strong as the relationship between the parties becomes more remote."

There is an element present in the presumption of gratuity which arises because of the reciprocal character of family duties and services. Ordinarily the furnishing of care and keep and the rendering of the services within the family are accompanied by a certain degree of services rendered by the recipient. Snyder v. Guthrie, 193 Iowa 624, 187 N.W. 953, 24 A. L. R. 950; Soderland v. Graeber, Snyder v. Nixon and In re Estate of Talty, all supra. In the case at bar, the physical condition of the sister-in-law obviously precluded any such possibility.

Appellee has not cited nor have we found an identical case. However, this court has decided similar questions in several decisions which are of value in establishing principles involved in the case at bar.

In Snyder v. Guthrie, supra, claimant cared for four of the minor children of her brother, the decedent, for many years. She alleged there was an understanding that the services were to be paid for from her brother's estate. The administrator of the estate denied this and contended that whatever services were rendered were gratuitous because of the relationship of aunt and nieces or nephews. The case was submitted to the jury

and a verdict was rendered for claimant in the amount of $13,807.50. The trial court granted a new trial and on appeal the order for new trial was reversed and the judgment ordered reinstated.

Clark v. Krogh, supra, involves a claim filed by daughter in the estate of her father for his board, lodging and care furnished for about twelve years prior to his death. The court said (page 480 of 225 Iowa) : "The case therefore turns upon the question whether or not an implied agreement arose under the facts and circumstances in this case under which it can be said that decedent intended to pay for the services received, and that claimant expected to receive remuneration therefor." The defense was that the services were gratuitous as between a father and his daughter. The trial court entered judgment in the estate for the services rendered, which judgment was affirmed by this court.

In In re Estate of Talty, supra, a claim was filed in the estate of Thomas M. Talty by his sister-in-law. In 1938 decedent apparently became helpless and could not live in his own home. He came to the home of his nephew where Mary Talty, the claimant, lived. They were all elderly, but from June 1938 to October 1940 decedent received care and nursing from claimant. The trial court directed a verdict for the estate on the basis of family relationship and gratuity. We reversed, stating at page 283 of 232 Iowa: "It is elementary that ordinarily where one person performs services for another which are known to and accepted by him, the law implies a promise to pay therefor."

IV. In the case at bar the exceptions to the presumption of gratuity are numerous. There was in effect an agreement on the part of decedent to reimburse claimant for the expenditures and services rendered by his wife. The circumstances were such that there would be present a clear implication as to reimbursement. The fact that the sister-in-law was aged, a mute, and partially deaf would indicate that there was not present on her part any capacity for reciprocal services. The fact that claimant furnished the home in which the sister-in-law lived for three fourths of the time involved, and out of her own personal resources paid the expenses of care and keep, and personally rendered care, was of importance. The sister-in-law was

not a blood relative of claimant so that the presumption is not of as much weight as if she were within the intimate family circle. In view of the principles developed throughout the years, as shown in the cited cases, the evidence in the instant case is such that the judgment of the trial court is amply sustained.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.